UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CARLOS GUERRA LEON** | **CASE NO.  3:25-CV-01495 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KRISTI NOEM ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 4], filed by the habeas petitioner in this case, Carlos Guerra Leon ("Petitioner"). Kristi Noem, Pamela Bondi, Todd Lyons, Scott Ladwig, and Phil Bickham (collectively, "Respondents") oppose the Motion [Doc. No. 16]. Petitioner filed a reply [Doc. No. 17].

After careful consideration of the parties' memoranda and the applicable law, the Respondents have not terminated Petitioner's deferred action status (which is in effect through December 9, 2026), so Petitioner cannot be deported. Therefore, the Motion is **GRANTED**.

I. BACKGROUND

Petitioner is a Guatemalan national.[1] He came to the United States from Guatemala when he was 10 years old, after allegedly suffering abandonment and neglect at the hands of his father.[2] On December 9, 2022, U.S. Citizenship and

---

[1] [Doc. No. 1, p. 2].
[2] [Id.].

1

Immigration Services ("USCIS") granted Petitioner's application for Special Immigrant Juvenile Status ("SIJS") and concurrently granted him deferred action and employment authorization, valid until December 9, 2026, which allows him to attend school and work legally.[3]

On July 23, 2019, Petitioner had a final order of removal issued against him *in abstentia* without his knowledge when he was twelve years old.[4] Immigration Customs Enforcement ("ICE") arrested Petitioner on August 9, 2025 despite his valid deferred action status.[5] Petitioner has filed a motion to reopen his removal case with the immigration court.[6] Respondents are now trying to use the final order of removal that was issued six years ago to detain and deport Petitioner despite his valid deferred action status.[7] Petitioner filed a temporary restraining order ("TRO"), seeking release from detention due to his valid deferred action status.[8] Petitioner contends, *inter alia*, that he is likely to succeed in showing his continued detention to be unreasonable, that he will suffer irreparable harm, and the balance of equities and the public interest weighs heavily in his favor of immediate release.[9] Respondents argue Petitioner is not entitled to a TRO.[10]

## II. LAW AND ANALYSIS

### A. Jurisdiction

---

[3] [Doc. No. 4-1, p. 3].
[4] [Id.].
[5] [Id.].
[6] [Doc. No. 16, pp. 1–2].
[7] [Doc. No. 16].
[8] [Doc. No. 4-1, p. 4].
[9] [Doc. No. 4-1].
[10] [Doc. No. 16 p. 1].

Since the subject-matter jurisdiction of federal courts are limited, courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The Illegal Immigration Reform and Immigration Responsibility Act of 1996 provides, in pertinent part:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The United States Supreme Court has explained that § 1252(g) relates to "three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). "By its explicit terms, § 1252(g) strips courts of subject-matter jurisdiction to review claims 'arising from' a decision or action to execute a removal order against an alien." *Westley v. Harper*, 25-cv-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025) (citation modified).

And the statute's purpose is straightforward: Congress sought to "protect from judicial intervention the Attorney General's long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." *Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999). In other

3

words, whenever a noncitizen's claim—regardless of how it is presented—challenges the procedure or substance of an agency decision that is "inextricably linked" to a removal order, the federal district court lacks subject-matter jurisdiction. *Duarte v. Mayorkas*, 27 F.4th 1044, 1054–55 (5th Cir. 2022).

However, as all-encompassing as its provisions may seem, the statute has its limitations. *See Reno*, 525 U.S. at 482 (noting that statute does not "cover the universe of deportation claims"). Beyond the three discrete actions that the statute protects, "[t]here are of course many other decisions or actions that may be part of the deportation process"—and outside of the statute's purview. *Id.* The statute "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders" *Cardoso v. Reno*, 216 F.3d 512, 516 (5th Cir. 2000) (citation modified). Therefore, courts must determine whether the requested relief seeks falls within the ambit of § 1252(g) and is "precluded from judicial review." *Foster v. Townsley*, 243 F.3d 210, 215 (5th Cir. 2001).

Petitioner does not seek a stay of his removal.[11] Instead, Petitioner argues that he cannot be removed at this time due to his valid grant of deferred action status that is still in effect.[12] Petitioner is enforcing his constitutional right to due process in the context of the removal proceedings—not the legitimacy of the removal proceedings or any removal order. Therefore, § 1252(g) does not limit the Court's jurisdiction in the present case.

---

[11] [Doc. No. 17, p. 1].
[12] [Id. at p. 2].

4

### B. Whether a TRO and/or Preliminary Injunction Should Issue

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *See id.*

An alien's post-removal-period detention under 8 U.S.C. § 1231 is limited to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court has found that once the removal period begins, six months is a reasonably necessary period to remove the alien. *See id.* at 701. After six months, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, then the Government must respond with evidence sufficient to rebut that showing. *Id.* Regardless of whether removal is foreseeable, detention would still be appropriate where there is clear and convincing evidence that the alien poses a danger to the community. *Id.* at 691.

    1. *Likelihood of Success on the Merits*

Petitioner is likely to succeed on the merits of his habeas claim due to his deferred action status which remains in effect until December 9, 2026.[13] Petitioner argues that his valid grant of deferred action precludes his removal.[14] Respondents argue that deferred action does not provide lawful status and ICE is still within its statutory authority to execute final orders of removal regardless of whether the term of deferred action has expired.[15]

The Respondents fail to cite any authority that allow the removal of Petitioner when deferred action status is still in effect. Instead, they focus on a case like *Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023), which focuses solely on the SIJS given to Cortez-Amador who then was sentenced to prison for sexually assaulting a minor. The *Coretez-Amador* court held that SIJS is not an exemption from removal as a noncitizen' SIJS status did not prevent him from being removed due to his criminal history. *Id*. at 431.

Here however, the SIJS status is not what prevents the removability of the Petitioner. The operative factor precluding removal is his deferred action that remains in effect until December 9, 2026. USCIS's most recent policy, despite other changes, states that "aliens with current deferred action based on their SIJ classification will generally retain this deferred action, as well as retain their current employment authorization provided based on this deferred action, until current validity periods expire." USCIS, *Policy Alert PA-2025-07* (June 6, 2025),

---

[13] [Doc. No. 4-1, p. 3].
[14] [Id. at p. 6].
[15] [Doc. No. 16, p. 8].

6

https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20250606-SIJDeferredAction.pdf.; *Primero v. Mattivelo*, No. 25-cv-11442, 2025 WL 1899115, at *5 (D. Mass. July 9, 2025). In *Primero*, the petitioner was brought to the United States by his father as a minor in 2018. *Id.* at *2. He was arrested alongside his father and a final order of removal was issued *in abstentia* in 2021, but then in September of 2022, he was granted deferred action status that was valid for four years, unless terminated earlier by USCIS. *Id.* The *Primero* court determined that petitioner's valid grant of deferred action precluded his removal. *Id.* at *4 ("Respondents do not suggest that ICE routinely removes individuals with active grants of deferred action from the United States").

This case has the same factual scenario as *Primero*. Just like in *Primero*, here Petitioner has a valid grant of deferred action status which has not been terminated early by USCIS and remains effective until December 9, 2026.[16] Petitioner may still be subject to removal in the future if his deferred action status is terminated before its expiration or if it expires and is not renewed. Respondents, however, have not terminated or sought to terminate Petitioner's deferred action status. This makes Petitioner non-removable while his deferred action status remains in effect.

    2. *Irreparable Harm*

Petitioner contends that he will suffer irreparable harm absent a TRO.[17] Petitioner faces continued unlawful detention, separated from his family and losing

---

[16] [Doc. No. 4-1, p. 3].
[17] [Doc. No. 4-1, p. 12].

7

employment.[18] Petitioner "faces a period of mandatory detention . . . likely in violation of the statutory scheme." *See S.D.D.B. v. Johnson*, No. 1:25-CV-882, 2025 WL 2845170, at *10 (M.D.N.C. Oct. 7, 2025). The erroneous deprivation of an alien's liberty, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Accordingly, this factor weighs in favor of injunctive relief.

### 3. Balance of the Equities and Public Interest

Petitioner must show that the threatened injury and the deprivation of his constitutionally-protected rights outweigh the injury to Respondents if the injunction is granted. *Kostak v. Trump*, No. CV 3:25-1093, 2025 WL 2472136 at *4 (W.D. La. Aug. 27, 2025). The Court finds that granting this injunction will require Respondents to release Petitioner from detention due to his valid grant of deferred action status. The Petitioner's threatened injury, his continued unlawful detention, far outweighs the injury to Respondents of releasing a non-flight risk or a danger to the community. The Court further finds that granting Petitioner injunctive relief serves the public interest by ensuring that the Government adheres to its own laws and by preventing the public interest from being undermined through unnecessary detention.

### III. CONCLUSION

This Court holds that without terminating Petitioner's deferred action status, Petitioner cannot be removed.

---

[18] [Id.].

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 4] is **GRANTED**. Respondents are to release Petitioner from custody immediately.

MONROE, LOUISIANA this 30th day of October 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

9